UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 09-00099 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EDNA J. WHITE WARE AND THE UNOPENED SUCCESSION OF REGINALD B. WARE | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Edna J. White Ware's ("Mrs. Ware") "Letter Motion for Extension of Time to File Response as to Motion for Summary Judgment; Motion to Appoint Counsel ("Letter Motion"). [Doc. No. 32]. For the following reasons, the Clerk of Court's Entry of Default against Mrs. Ware [Doc. No. 30] is SET ASIDE, and the Letter Motion is GRANTED IN PART and DENIED IN PART.

I.  FACTS AND PROCEDURAL HISTORY

In order to obtain loans from Plaintiff the United States of America ("the United States") acting through the Farmers Home Administration ("FmHA"), now known as the Farm Service Agency ("FSA"), Mrs. Ware and her husband, Reginald Ware (collectively, "the Wares") executed and delivered to the FmHA a series of notes. To secure payment of the notes, the Wares executed a series of mortgages. Some time after the execution of the notes and mortgages, Reginald Ware died intestate. There has not been a payment or credit on the notes since approximately May 28, 2007. The United States contends that Defendants owe principal in the amount of $211,088.33, and accrued interest in the amount of $138,014.49.

The United States filed the Complaint in this action on January 1, 2009, naming Mrs. Ware

and The Unopened Succession of Reginald Ware ("The Unopened Succession") as Defendants. The United States then filed an *ex parte* motion asking the Court to appoint counsel to represent the Unopened Succession in accordance with Louisiana law. The Court appointed attorney Kenneth A. Brister ("Mr. Brister") to represent the Unopened Succession. Mr. Brister filed an Answer to the United States' Complaint on behalf of Mrs. Ware and the Unopened Succession. However, the Answer was later amended to indicate that Mr. Brister only represented the Unopened Succession–not Mrs. Ware. Therefore, the United States served Mrs. Ware again on March 30, 2009, giving her until April 20 to file an answer. Mrs. Ware failed to file an answer during that time period.

On August 19, 2009, the United States filed an unopposed motion to stay the proceeding and administratively close the case subject to reopening by the Court upon motion by either party. [Doc. No. 20].

On July 30, 2015, the United States filed a motion to reopen the case which the Court granted. [Doc. No. 24]. Mrs. Ware contends that she never received notice that the Court had lifted the stay.

On October 8, 2015, the United States filed a Motion for Summary Judgment [Doc. No. 28], maintaining that there is no genuine issue of material fact concerning the Defendants' debt to the United States. That same day, the United States also filed a Motion for an Entry of Default as to Mrs. Ware; the Clerk of Court granted that motion the next day. [Doc. Nos. 27, 30].

Defendants' memorandum in opposition to the United States' Motion for Summary Judgment was due by October 29, 2015. On October 29, Mrs. Ware filed the instant Letter Motion [Doc. No. 32] asking this Court to appoint counsel to represent her in this litigation. Mrs. Ware also asks for an extension of time to file a memorandum in opposition to the United States' Motion for

2

Summary Judgment and an extension of time to hire an attorney should the Court not appoint one.

II.     LAW AND ANALYSIS

    A.     **Entry of Default as to Mrs. Ware**

The Court must initially decide whether to *sua sponte* set aside the entry of default as to Mrs. Ware. The Unopened Succession's attorney, Mr. Brister, filed an Answer to the United States' Complaint on February 17, 2009, on behalf of both Mrs. Ware and the Unopened Succession. However, Mr. Brister later realized that he was appointed as the attorney for the Unopened Succession–not Mrs. Ware. Mr. Brister amended the Answer to reflect this limitation, and the United States served Mrs. Ware again on March 30, 2009. In accordance with the Federal Rules of Civil Procedure, Mrs. Ware had until April 20, 2009, to file an answer, but she failed to do so. After the Court lifted the stay in this case, more than six years after the United States originally served Mrs. Ware, the United States moved for an entry of default. The Clerk of Court entered a default against Mrs. Ware on October 9, 2015.

Under Federal Rule of Civil Procedure 55(c), a district court may set aside an entry of default for "good cause." "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant has failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). This command is even more salient with respect to a mere entry of default as opposed to a default judgment. Indeed, the Fifth Circuit has stated that a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

Determining whether good cause exists to set aside an entry of default requires the Court to consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Lacy,* 227 F.3d at 292.

Setting aside the entry of default against Mrs. Ware is appropriate in this case. First, Mrs. Ware's default was not willful; she is a *pro se* litigant attempting to navigate the judicial system with no legal training. Moreover, Mr. Brister originally answered the Complaint on behalf of Mrs. Ware and the Unopened Succession.

Nor would setting aside the entry of default prejudice the United States. Mere delay does not alone constitute prejudice. "Rather, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunity for fraud and collusion.'" *Id.* at 292 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). None of those concerns are present here. Finally, at this stage in the litigation it is unclear whether Mrs. Ware has a meritorious defense. Nevertheless, the other two factors point in favor of setting aside the entry of default. For these reasons, and because the matter is largely within the Court's discretion, the entry of default as to Mrs. Ware is SET ASIDE.

    **B.**    **Mrs. Ware's Motion for a Court-Appointed Attorney**

As an initial matter, the Court notes that Mrs. Ware, as a *pro se* litigant, cannot represent the Unopened Succession before this Court. Indeed, it is hornbook law that a non-lawyer may not represent another person in federal court. *See Collinsgru v. Palmyra Bd. Of Educ.* 161 F.3d 225, 232 (3d Cir. 1998). *See also Wethy v. Barrett, Daffin, Frapier, Turner & Engle LLP*, 2013 WL 4436179, at * 2 (N.D. Tex. Aug. 19, 2013) (noting that a non-attorney trustee may not represent a trust *pro se*).

Therefore, the Court can only consider Mrs. Ware's motion as it relates to her. [1]

There is no constitutional right to court-appointed counsel in civil cases. *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). However, 28 U.S.C. § 1915(e)(1) allows a court to appoint counsel for either party in its discretion. Under the statute, the court "may request an attorney to represent any person unable to afford counsel" in a civil case. 28 U.S.C. § 1915(e)(1).

The Fifth Circuit has laid out a series of factors for district courts to evaluate when considering a motion to appoint counsel in a civil case:

(1) The type and complexity of the case;

(2) Whether the [pro se litigant] is capable of adequately preparing his case;

(3) Whether the [pro se litigant] is in a position to investigate adequately the case; and

(4) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir. 1986) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Here, Mrs. Ware produces no evidence demonstrating an inability to hire a lawyer. Indeed, her letter motion asks for an extension of time to hire an attorney in the event that this Court does

---

[1] Notably, when the United States originally filed this suit, it filed an *ex parte* motion to appoint counsel on behalf of the Unopened Succession in accordance with Louisiana Code of Civil Procedure article 5091. That article allows for court-appointed representation on behalf of a succession when the action or proceeding is *in rem*, no succession representative has been appointed, and the heirs and legatees have not been sent into possession judicially. The Court appointed Mr. Brister as curator ad hoc to represent the Unopened Succession. It is unclear from the record in this case whether a succession representative has been appointed or whether the heirs or legatees have been sent into possession; therefore, it is unclear whether Mr. Brister remains bound to represent the Unopened Succession.

not appoint one, indicating that she can afford counsel. In her Letter Motion, Mrs. Ware also indicates that she hired a legal consultant to help her in this matter. She later terminated her relationship with the legal consultant after becoming dissatisfied with his representation; she did not terminate the relationship because of an inability to pay. This, again, indicates that Mrs. Ware can afford to hire an attorney.

Further, the type and complexity of this case weigh in favor of denying Mrs. Ware's motion. This case involves default on promissory notes and mortgages executed to secure payment of the notes. The facts and legal issues in this case are not complex.

She also appears to be capable of preparing her case. She filed the instant Letter Motion which was adequately supported by documentation, and, again, the United States' arguments "are not so novel that only a highly trained, experienced, and specialized lawyer would have the capacity to prosecute this action." *Conboy v. Edward D. Jones & Co., L.P.* 2005 WL 1515479, No. 04-11013 at *6 (5th Cir. 2008).

Moreover, there is no indication that Mrs. Ware will not be able to investigate her case, or that extensive investigation is even necessary. In her Letter Motion, Mrs. Ware attaches several documents including correspondence with the FSA in which she asks the agency to explain how it calculated her alleged debt and provide copies of documentation showing proof of the debt. At this stage in the litigation, there is not much more than that to investigate.

Finally, the evidence is not likely to consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; the frequent absence of conflicting testimony in suits to enforce negotiable instruments make them "among the most suitable classes of cases for summary judgment." *See Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir. 1973)

(citations omitted).

At this point in the litigation, this case does not present the exceptional circumstances that would support the Court appointing an attorney to represent Mrs. Ware. Should later complexities arise, Mrs. Ware can re-urge her motion. The Court may also consider appointment of counsel *sua sponte* if warranted. *See McQueen v. Hallmark College*, 2010 WL 3743917, No. 10-0688, at* 1 (W.D. Tex. Sep. 20, 2010).

However, the Court will grant Mrs. Ware's Motion to the extent that she seeks an extension of time to file a memorandum in opposition to the United States' Motion for Summary Judgment.

**III. CONCLUSION**

For these reasons, the Court *sua sponte* SETS ASIDE the entry of default against Mrs. Ware. Mrs. Ware's Letter Motion is GRANTED IN PART and DENIED IN PART. This case does not present the exceptional circumstances required for the Court to appoint counsel in a civil case, and Mrs. Ware's request for court-appointed counsel is DENIED. However, the Letter Motion is GRANTED to the extent she seeks an extension of time to file a memorandum in opposition to the United States' Motion for Summary Judgment and to hire an attorney. Mrs. Ware shall file a memorandum in opposition by Monday, December 7, 2015. The United States shall then have fourteen days from that date to file a reply.

MONROE, LOUISIANA, this 4th day of November, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE