UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 09-0099 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EDNA WHITE WARE AND THE UNOPENED SUCCESSION OF REGINALD B. WARE | MAG. JUDGE KAREN L. HAYES |

RULING

Plaintiff The United States of America, acting though the Farmers Home Administration ("FmHA"), now known as the Farm Service Agency (referred to as the "United States") brought this suit seeking an in rem judgment against Edna White Ware ("Edna Ware") and the Unopened Succession of Reginald B. Ware (" the Unopened Succession") on multiple promissory notes signed by the Wares and seeking recognition of the mortgages securing payment of the notes.

Pending before the Court is the United States' Motion for Summary Judgment. [Doc. No. 28]. For the following reasons, the motion is GRANTED.

I.  **FACTS AND PROCEDURAL HISTORY**

This is a suit for an in rem judgment based on the alleged default on promissory notes secured by mortgages. To obtain loans from the United States, Edna Ware and Reginald Ware, while married, executed and delivered to the United States the following notes:

|     | Date    | Type | Face Amount | Interest Rate |
|-----|---------|------|-------------|---------------|
| 1-A | 2/6/75  | FO   | $40,300.00  | 5.00%         |
| 1-B | 2/6/75  | RH   | $20,400.00  | 8-1/2%        |

| | | | | |
|---|---|---|---|---|
| 1-C | 5/13/77 | FO | $ 6,700.00 | 5% |
| 1-D | 11/3/78 | FO | $26,700.00 | 5% |
| 1-E | 1/21/80 | FO | $71,800.00 | 4% |
| 1-F | 8/14/90 | OL | $37,060.00 | 9% |

The United States is the current owner and holder of these notes.

In 1993, the Wares filed bankruptcy in the Western District of Louisiana. Proceedings in the bankruptcy case modified the notes. After discharge on May 20, 1993, the existing promissory notes/debt was rescheduled or reamortized on June 10, 1994 by the following notes:

| | Date | Type | Face Amount | Interest Rate |
|---|---|---|---|---|
| 3-A | 6/10/94 | FO(41-20) | $57,184.00 | 5.00% |
| 3-B | 6/10/94 | Ream. | $18,750.00 | 5.00% |
| 3-C | 6/10/94 | Resch. | $10, 642.00 | 5.00% |

The United States is also the holder of other notes made payable to the FSA by Reginald Ware and Edna Ware as follows[1]:

| | Date | Type | Face Amount | Interest Rate |
|---|---|---|---|---|
| 3-D | 2/14/95 | OL(44-23) | $24,300.00 | 5.00% |
| 3-E | 1/2/96 | OL(44-24) | $68,600.00 | 5.00% |
| 3-F | 6/10/94 | OL(44-01) | $41, 270.00 | 5.00% |

To secure payment on these notes the Wares executed mortgages which cover specifically described property. The mortgages were filed in the mortgage records of East Carroll Parish, Louisiana as follows:

---

[1] Notes 3-D and 3-E were executed by Reginald Ware only.

|     | Date    | Registry No. | Reinscribed 6/10/94 AT |
|-----|---------|--------------|------------------------|
| 4-A | 5/13/77 | 45623        | 69367                  |
| 4-B | 11/3/78 | 47965        | 69358                  |
| 4-C | 1/7/81  | 51391        | 69360                  |

The Wares defaulted on the notes. The United States accelerated the debt. The entire principal, as well as accumulated interest, is due and payable.

Reginald Ware died intestate on October 18, 2005.

The United States filed this suit on January 22, 2009, seeking an in rem judgment for the principal amount due on the promissory notes, as well as interest.[2] [Doc. No. 1]. The United States also prays that the mortgages be recognized, and the property subject to the mortgages be sold, without appraisal, at public auction to the highest bidder, that the United States be paid the proceeds of the sale in accordance with the terms of the mortgages, and that the amount realized from the sale be credited pro tanto upon the amount of the judgment. Finally, because Reginald Ware's succession had not been opened at the time of this suit, the United States also moved the Court to appoint an attorney to represent the Unopened Succession.

On January 26, 2009, the Court appointed Kenneth Brister ("Brister") to represent the Unopened Succession. [Doc. No. 3]. On February 17, 2009, Brister filed an Answer to the Complaint on behalf of both the Unopened Succession and Edna Ware. [Doc. No. 8]. However, on March 4,

---

[2]As of October 9, 2008, the United States claims that there is principal owed in the amount of $211,088.33, together with accrued interest in the amount of $138,014.49. The United States also seeks to recover filing costs in the amount of $221.00 it expended to protect its security interest. The United States also claims entitlement to $105.09 in interest on the filing costs. However, it is unclear how the United States would be entitled to interest on filing fees. Because the United States does not explain its entitlement to interest on the filing fees, the Court will not allow recovery of that interest.

2009, Brister amended the Answer to indicate that it had only been filed on behalf of the Unopened Succession. [Doc. No. 18].

On August 19, 2009, the United States filed an unopposed motion to stay proceedings and administratively close the case. [Doc. No. 20]. The Court granted the motion on August 21, 2009. [Doc. No. 22]. On August 3, 2015, in response to a motion from the United States, the case was reopened. [Doc. No. 25]. The United States filed this Motion for Summary Judgment on October 8, 2015. [Doc. No. 28].

On October 9, 2015, the Clerk of Court entered a default against Edna Ware for failing to respond to the United States' Complaint. [Doc. No. 30].

On October 29, 2015, Edna Ware filed a letter motion in which she sought an extension of time to file an opposition to the Motion for Summary Judgment, as well as a court-appointed attorney. [Doc. No. 32]. The Court first set aside Edna Ware's default. The Court also granted Edna Ware's motion for an extension of time to file an opposition, but denied her request for court-appointed counsel. [Doc. No. 34].

On November 30, 2015, Brister filed a motion to withdraw as attorney for the Unopened Succession. [Doc. No. 35]. Magistrate Judge Hayes issued an order granting the motion on December 2, 2015. [Doc. No. 36].

On December 7, 2015, Edna Ware filed an opposition to the United States' Motion for Summary Judgment. [Doc. No. 37]. In the opposition, Edna Ware reurged her request for court-appointed counsel. The United States filed a reply on December 14, 2015. [Doc. No. 38]. Edna Ware filed a sur-reply on December 23, 2015. [Doc. No. 40].

On May 9, 2016, the Court issued a Memorandum Order reinstating Brister as counsel for

the Unopened Succession and allowing a brief time for the Unopened Succession to file an opposition to the United States' Motion for Summary Judgment. [Doc. No. 41].

On May 18, 2016, the Unopened Succession filed a memorandum in opposition to the Motion for Summary Judgment. [Doc. No. 42]. In the opposition, the Unopened Succession adopted the arguments made by Edna Ware in her memorandum in opposition and claimed that the documents Edna Ware offered in support of her opposition showed genuine issues of material fact. The matter is ripe.

II.     **LAW AND ANALYSIS**

    A.     **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party

to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

"Only disputes over facts that might affect the outcome of the suit under governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*.

      **B.    Edna Ware's Request for Court-Appointed Counsel**

Edna Ware has reurged the Court to appoint counsel to represent her in this civil case. The Court initially denied this request. [Doc. No. 33]. Edna Ware has not submitted any new evidence that would justify altering that decision. Accordingly, Edna Ware's request for court-appointed counsel is DENIED.

      **C.    Promissory Notes**

The United States seeks an in rem judgment based on mortgages executed to secure promissory notes. "Under a nationwide federal loan program like that of [the] FmHA, it is settled that federal law ultimately controls the government's rights and responsibilities. *Farmers Home Admin v. .. Muirhead*, 42 F.3d 964. 965 (5th Cir. 1995) (citing *United States v. Kimball Foods, Inc.*, 440 U.S. 715 (1979)). Actions on promissory notes "provide fit grist for the summary judgment

mill." *Fed. Dep. Ins. Corp. v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir. 1988) (citing *Lloyd v. Lawrence*, 472 F.2d 313 (5th Cir. 1973)). Recovering on a promissory note requires the United States to show "[that] (1) the defendant signed [the note], (2) the government is the present owner or holder [of the note], and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citation omitted). "'When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.'" *United. States. v. Nelson*, 821 F.Supp. 1137, 1138 (W.D. La. 1993) (quoting LA. REV. STAT. ANN. § 10:3-307(2)) (amended 1994). Unless specifically denied in the pleadings, each signature on an instrument is admitted. *See United States. v. Succession of Sidon*, 812 F.Supp. 674, 675 (W.D. La. 1993) (citation omitted).

The United States has produced copies of the relevant promissory notes and mortgages which secure them. The mortgages were created by authentic act and are, therefore, self proving. *See* LA. CIV. CODE art. 1835. Moreover, the answer to the original Complaint, filed on behalf of the Unopened Succession, contained only general denials. These general denials are not sufficient to contest the validity of the signatures on the notes. Thus, unless either Edna Ware or the Unopened Succession comes forth with a valid defense, summary judgment is appropriate.

Edna Ware attempts to meet that burden by noting alleged issues in the United States' handling of the claims at issue. However, these discrepancies are either explainable, incorrect, or irrelevant.

First, Edna Ware points to a letter she received from the United States stating that she owed a much lower figure than the amount described in the United States' Motion for Summary Judgment. As the United States points out, however, the letter related only to the notes Edna Ware signed.

7

There were multiple notes which she did not sign. Accordingly, there is no inconsistency.

Second, Edna Ware astutely notes that the United States, in its Motion for Summary Judgment, mistakenly claims that the mortgaged property is in Evangeline Parish when it is actually in East Carroll Parish. Though unfortunate, this typographical error is irrelevant. The United States introduced copies of the actual mortgages into the record. The mortgages clearly indicate that the encumbered property is in East Carroll Parish.

Third, Edna Ware repeatedly claims that her husband appealed the loan amounts, and there is no evidence the appeals process had concluded. However, Edna Ware submitted a letter to this Court from the FSA appeals division indicating that the appeal had been considered. [Doc. No. 37-1, p. 25]. Although the letter was not addressed to the Wares, it appears that Edna Ware received it, as she filed it with this Court. Moreover, a notation indicated that both Edna and Reginald Ware were copied. Accordingly, there is sufficient evidence that the United States reviewed the appeal before deciding to accelerate the debt.

Finally, Edna Ware claims that her now-deceased husband repeatedly attempted to settle this matter, but the United States, despite indicating a willingness to settle the claims, ultimately proceeded with this action. The records Edna Ware filed into the record do not support this contention. Instead, it appears the United States was amicable to settlement, but the Wares did not timely submit a debt settlement proposal. [Doc. No. 37-1, p. 14].

The United States is entitled to enforce these notes. Accordingly, the United States' Motion for Summary Judgment is GRANTED.

III. **CONCLUSION**

For the foregoing reasons, the United States' Motion for Summary Judgment is GRANTED.

The United States shall submit a proposed judgment in accordance with this Ruling by May 31, 2016.

MONROE, LOUISIANA, this 24th day of May, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE